FILED: MAY 6, 2009
09CV 2796      NF
JUDGE ZAGEL
MAGISTRATE JUDGE SCHENKIER

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Christopher Sengenberger, <br><br> Plaintiff, <br><br> v. <br><br> Credit Control Services, Inc. d/b/a Credit Collection Services <br><br> Defendant. | Case No.: <br><br> Judge: <br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND THE TELEPHONE CONSUMER PROTECTION ACT** <br><br> **JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Pursuant to 28 U.S.C. §1331, the Court has Federal Question Jurisdiction over Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq, ("FDCPA").

2. Pursuant to 28 U.S.C. §1331, the Court has Federal Question Jurisdiction over Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq, ("TCPA").

3. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the TCPA because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

4. Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff is a natural person who at all times relevant to the claims set forth herein resided at 2828 N. Pine Grove Avenue, Chicago, IL 60657.

6. Defendant is a corproation that at all times relevant to the claims set forth herein maintained its principal place of business at 2 Wells Avenue, Newton, MA 02459.

7. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

8. On several occasions, Defendant alleged that Plaintiff owed a debt to Quest Diagnostics, Inc. ("Quest").

9. At the time of the communications referenced below, Quest had hired Defendant to collect the alleged debt from Plaintiff.

10. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

13. On or around December 23, 2008, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number and left a prerecorded voice message in Plaintiff's voicemail.

14. This prerecorded voice message ("Partial Message") was composed entirely of the following statement:

    "to this number. If you are not the intended party please hang up at this time. This message contains private information and should not be played in a manner where it can be heard by others. This call is from Credit Collection Services. This is an attempt to collect a debt and any information obtained will be used for that purpose. For your privacy protection, visit www.warningnotice.com to access your personal account information. Your file number is 080-193-400-81. To hear this message again press #. Thank you."

15. Defendant is not registered to conduct business under the name Credit Collection Services in either Illinois or Massachusetts.

16. The Partial Message was Defendant's initial communication with Plaintiff.

17. Defendant did not send Plaintiff the written notice required by 15 U.S.C. §1692g within five days of this initial communication.

18. On or around December 26, 2008, Plaintiff sent Defendant a letter via certified mail in which Plaintiff notified Defendant that Plaintiff disputed the debt and instructed Defendant to stop all collection efforts within five days of Defendant's receipt of the letter.

19. This letter also instructed Defendant to provide Plaintiff with certain information that would verify that Plaintiff owed the debt.

20. Defendant received Plaintiff's letter on or around December 29, 2008.

21. As described below, Defendant continued its efforts to collect the debt without first sending Plaintiff verification of the debt as instructed.

22. On or around January 3, 2009, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number.

23. When Plaintiff answered this telephone call, a prerecorded voice message began to play.

24. This prerecorded voice message ("Complete Message") was composed entirely of the following statement:

> "This is an important message for Christopher Sengenberger. This is regarding a private business matter. If you are not the intended party we are trying to reach, please call 1-866-945-4973 and we will cease further attempts to this number. If you are not the intended party please hang up at this time. This message contains private information and should not be played in a manner where it can be heard by others. This call is from Credit Collection Services. This is an attempt to collect a debt and any information obtained will be used for that purpose. For your privacy protection, visit

www.warningnotice.com to access your personal account information.  Your file number is 080-193-400-81.  To hear this message again press #.  Thank you."

25. On or around January 6, 2009, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number and left the Partial Message in Plaintiff's voicemail.

26. On or around January 10, 2009, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number.

27. When Plaintiff answered this telephone call, the Complete Message began to play.

28. On or around January 13, 2009, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number and left the Partial Message in Plaintiff's voicemail.

29. On or around January 18, 2009, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number and left the Partial Message in Plaintiff's voicemail.

30. On or around January 22, 2009, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number.

31. When Plaintiff answered this telephone call, the Complete Message began to play.

32. On or around January 26, 2009, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number.

33. When Plaintiff answered this telephone call, the Complete Message began to play.

34. On or around February 28, 2009, Defendant willingly and knowingly used an automatic telephone dialing system to call Plaintiff's cellular telephone number and left the Partial Message in Plaintiff's voicemail.

35. At the time of the communications referenced above, Defendant did not have Plaintiff's prior express consent to call Plaintiff's cellular telephone.

## COUNTS ONE THROUGH EIGHT

### Violations of the Fair Debt Collection Practices Act

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant violated 15 U.S.C. §1692c on eight separate occasions by each time calling Plaintiff to collect the debt notwithstanding its receipt of Plaintiff's written notice that Plaintiff refused to pay the debt and wished Defendant to cease further collection efforts.

## COUNT NINE

### Violation of the Fair Debt Collection Practices Act

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required notice within five days of Defendant's initial communication with Plaintiff.

## COUNTS TEN THROUGH SEVENTEEN

### Violations of the Fair Debt Collection Practices Act

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. Defendant violated 15 U.S.C. §1692g on eight separate occasions by calling Plaintiff to collect the debt without first sending verification of the debt pursuant to Plaintiff's written request.

## COUNTS EIGHTEEN THROUGH TWENTY-SIX

### Violations of the Telephone Consumer Protection Act

42. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

43. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on nine separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system and a prerecorded voice without Plaintiff's prior express consent.

## COUNTS TWENTY-SEVEN THROUGH THIRTY-FIVE

### Violations of the Telephone Consumer Protection Act

44. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

45. Defendant willingly and knowingly violated a regulation prescribed under 47 U.S.C. § 227(b), namely C.F.R. 64.1200(b)(1), on nine separate occasions by each time leaving a prerecorded telephone message in Plaintiff's voicemail that did not clearly state the name under which Defendant was registered to conduct business.

## COUNTS THIRTY-SIX THROUGH FORTY

### Violations of the Telephone Consumer Protection Act

46. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

47. Defendant willingly and knowingly violated a regulation prescribed under 47 U.S.C. § 227(b), namely C.F.R. 64.1200(b)(2), on five separate occasions by each time leaving a prerecorded telephone message in Plaintiff's voicemail without also clearly stating Defendant's telephone number.

## JURY DEMAND

48. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

49. Plaintiff prays for the following relief:

    a. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

b.  Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3).

c.  Judgment against Defendant for statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

d.  For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Legal Helpers, P.C.
        Attorneys for Plaintiff

        By: <u>s/Timothy J. Sostrin</u>
            Timothy J. Sostrin
            Bar ID # 6290807
            233 S. Wacker, Suite 5150
            Chicago, IL 60606
            Telephone: 312-753-7576
            Email: tjs@legalhelpers.com