**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER SENGENBERGER, | ) | |
| | ) | Case No.:  09 CV 2796 |
| Plaintiff, | ) | |
| | ) | Judge Zagel |
| v. | ) | |
| | ) | Magistrate Judge Schenkier |
| CREDIT CONTROL SERVICES, INC. d/b/a | ) | |
| CREDIT COLLECTION SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION

SERVICES ("CCS"), by its attorneys, submits this Memorandum of Law in support of its

Motion for Summary Judgment:

## I.      INTRODUCTION

In Counts Eighteen through Forty of his complaint, Plaintiff alleges that, when CCS tried

to collect a debt he owed, CCS violated the Telephone Consumer Protection Act ("TCPA"), 47

U.S.C. §227(b), by calling his cell phone using an automatic telephone dialing system ("ATDS")

and/or a prerecorded message.  Auto-dialed and prerecorded message calls to a cell phone violate

the TCPA only if they are made without the called party's consent.  § 227(b)(1)(A).  If a person

gives his cell phone number to a creditor, he consents to be contacted at that number, and

"autodialed and prerecorded message calls to wireless numbers provided by the called party in

connection with an existing debt are made with the 'prior express consent' of the called party."

Federal Communications Commission ("FCC") Declaratory Ruling, 23 FCC Rcd. 559, FCC 07-

232, ¶ 9 (Jan. 3, 2008).

Here, it is undisputed that Sengenberger gave the phone number to his doctor in connection with his treatment. He would have had a reasonable expectation that the doctor would use this information to communicate with Sengenberger about his treatment or anything related to that treatment, including payment of amounts due. Therefore, Sengenberger consented to receive calls at this number as it related to his care and treatment. The doctor gave the phone number to Quest Diagnostics, Inc. ("Quest") in connection with laboratory testing requested by the doctor in connection with his treatment of Sengenberger. This was a reasonable extension of the consent given by Sengenberger. Quest gave the number to CCS to collect the debt owed for the laboratory testing. Therefore, Sengenberger consented to receive auto-dialed and prerecorded message calls from CCS at that number. Hence, even if CCS did call Sengenberger's cell phone using an ATDS or prerecorded message, CCS's calls could not as a matter of law violate the TCPA. For this reason, summary judgment must be entered in CCS's favor on Sengenberger's TCPA claims.

## II.    UNDISPUTED FACTS

In August 2008, Sengenberger visited a doctor's office for medical treatment. (Statement of Material Facts ("SMF") ¶ 7; Affidavit of Christopher Sengenberger attached to Plaintiff's Motion for Summary Judgment ("Sengenberger Affidavit") ¶ 4) During that visit or during a prior visit, Sengenberger provided a telephone number to the doctor's office as a means to contact Sengenberger. (SMF ¶ 8; Sengenberger Affidavit ¶ 4) That number was (815) 262-06** and that number is Sengenberger's cellular telephone number. (SMF ¶ 6; Sengenberger Affidavit ¶ 3)

During August 2008, Sengenberger's doctor requested that laboratory testing be performed by Quest, CCS's client. (SMF ¶ 12; *See also* <u>Group Exhibit 3</u> to SMF) In connection with that request, the doctor's office provided information, including Sengenberger's telephone

2

number to Quest. (SMF ¶ 12; <u>Group Exhibit 3</u>) Sengenberger later had Quest perform the testing ordered by the doctor. (SMF ¶ 13) A charge for the laboratory testing services was issued to Sengenberger. (SMF, ¶ 13; <u>Group Exhibit 3</u>)

When Sengenberger failed to pay the remaining $22.97 on the Quest debt, Quest asked CCS to collect the debt and provided CCS with the contact information that Sengenberger provided to his doctor and his doctor provided to Quest. (SMF ¶ 14; Declaration of Bruce Shapiro attached as <u>Exhibit 1</u> to Statement of Material Facts, ¶ 4) CCS made phone calls to Sengenberger in order to collect the debt. (SMF ¶ 17; <u>Exhibit 1</u>, ¶ 6) The only number CCS used to call Sengenberger at was the phone number Quest had provided. (SMF ¶ 17; <u>Exhibit 1</u>, ¶ 6) Sengenberger contends that this number is assigned to his cellular telephone. (SMF ¶ 6; Sengenberger Affidavit, ¶ 3) Sengenberger alleges that CCS placed nine (9) calls to his cellular telephone and that on those calls CCS used an ATDS or prerecorded message. (Cmplt., ECF #1, ¶¶ 13, 22, 25, 26, 28, 29, 30, 32, 34).

Plaintiff filed the instant action on May 6, 2009 alleging that CCS violated the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"). (Cmplt., ECF #1) The parties reached settlement on the FDCPA claims (Counts One through Seventeen) and those claims were dismissed on July 23, 2009 pursuant to the settlement and a Stipulation to Dismiss. (Stipulation, ECF #11). Plaintiff's remaining causes of action (Counts Eighteen through Forty) arise under the TCPA. (Cmplt., ECF #1) With regards to the remaining causes of action, Plaintiff seeks (a) injunctive relief pursuant to 47 U.S.C. § 227(b)(3) and (b) statutory damages pursuant to 47 U.S.C. § 227(b)(3). (Cmplt., ECF #1) Plaintiff pled and Defendant admitted that this Court has jurisdiction pursuant to 28 U.S.C. § 1331. (Cmplt., ECF #1, ¶ 2; Answer, ECF #9, ¶ 2)

6545107v1 900715 65872

### III.    ARGUMENT

#### a.    Summary Judgment Standard

A motion for summary judgment must be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has produced evidence showing that it is entitled to summary judgment, the non-moving party must present evidence to show that issues of fact remain. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). A court properly enters summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *see McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 479 (7th Cir. 1996) (quoting *Celotex*).

The primary purpose of a motion for summary judgment is to avoid a useless trial, and summary judgment is a procedural device for promptly disposing of actions in which there is no genuine issue of any material fact even though such issue might have been raised by formal pleadings. *Mintz v. Mathers Fund, Inc.*, 463 F.2d 495, 498 (7th Cir. 1972). The very purpose of Rule 56 is to eliminate a trial in such cases where a trial is unnecessary and results in delay and expense. *Id.*

When considering cross-motions for summary judgment a court need not enter a judgment for either party. *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). Rather, where multiple parties move for summary judgment, a court " 'must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" *Hotel Employees & Rest. Employees*

*Union, Local 100 v. City of New York Dep't Parks & Recreation*, 311 F.3d 534, 543 (2d Cir.

2002) (quoting *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993)).

>    **b.    As a matter of law, Sengenberger consented to receive calls from CCS on his cell phone, and CCS's calls therefore could not violate the TCPA.**

Sengenberger alleges that "Defendant willfully and knowingly used an automatic

telephone dialing system to call Plaintiff's cellular telephone number using both an automatic

telephone dialing system and a prerecorded voice without Plaintiff's prior express consent."

(Cplt. ¶ 43). The TCPA prohibits calls to a cell phone only if they are made without the called

party's consent. § 227(b)(1) makes it unlawful for a person:

>    (A) to make any call (<u>other than a call made for emergency purposes or made with the prior express consent of the called party</u>) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
>    …
>
>    (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

The prohibition does not apply if the called party consented to receive auto-dialed and

prerecorded message calls on his cell phone. The FCC has promulgated a regulation that governs

when a debtor consents to receive calls on his cell phone. The regulation states that:

>    Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. FCC 07-232, ¶ 9
>
>    Calls placed by a third party collector on behalf of that creditor [to whom prior express consent was provided] are treated as if the creditor itself placed the call. *Id.* at ¶ 10.

Under the FCC's regulation, when the debtor provides his cell phone number to a creditor, the debtor consents to receive auto-dialed and prerecorded message calls on his cell phone, and the creditor's debt collector may call the cell phone number using an ATDS or prerecorded message without violating the TCPA. It is undisputed that Sengenberger gave his doctor the phone number that CCS called. It is undisputed that the doctor gave Quest Sengenberger's number when he requested laboratory testing by Quest in connection with his treatment of Sengenberger. The only number CCS ever called Sengenberger at was the number Sengenberger provided to his doctor. Even if the number CCS was calling Sengenberger at was assigned to his cell phone, the calls would comply with the TCPA, § 227(b)(1)(A)(iii) because Sengenberger consented to receive the calls. As a result, CCS could not have violated the TCPA, and summary judgment must be entered in CCS's favor on Counts Eighteen through Forty

      **c.**      **The services provided by Quest were performed in furtherance of the treatment of Sengenberger and at the request of Dr. Munoz; therefore, as a matter of policy, Sengenberger's consent to call his cell phone should extend to Quest and CCS.**

Consent to call in connection with a doctor's treatment of a patient, as a whole, promotes the public policy of efficient healthcare services and quality treatment towards patients. To hold otherwise would disrupt a standard practice of performing vital services in connection with medical treatment of patients.

When receiving medical treatment, there is a reasonable expectation that other services (i.e. blood work or other laboratory testing) will be necessary to treat or assist in the treatment of a patient. Therefore, a patient's consent to call should extend to providers of services at the request of and in connection with a doctor's care and treatment, as a whole, of a patient. Undoubtedly, Sengenberger will attempt to argue in this case that since Quest is not the

6

"creditor" to whom he gave his cell phone, Quest had no prior express consent to call the cell phone number. Any such assertion is pure nonsense.

There is no dispute that Sengenberger provided his cell phone to Dr. Munoz in connection with his treatment. There is no dispute that Sengenberger authorized Dr. Munoz to call him on his cell phone. Sengenberger had a reasonable expectation that the doctor would use this information to communicate with Sengenberger about his treatment or anything related to that treatment, including payment of amounts due. Therefore, Sengenberger consented to receive calls at this number as it related to his care and treatment. Quest's services were performed at the request of and in connection with Dr. Munoz' care and treatment of Sengenberger. When Sengenberger did not pay for those services, Quest asked CCS to collect the debt and provided CCS with the information it had from Dr. Munoz. All of the services provided by Quest were at the request of and in connection with Dr. Munoz' treatment of Sengenberger, therefore the consent Sengenberger gave to Dr. Munoz should apply to Quest and CCS.

The anticipated argument that Quest was not the "creditor" to whom Sengenberger gave his cell phone therefore, Quest did not have prior express consent to call is easily dismissible. This is because Sengenberger allowed the laboratory services to be done on him when he was being treated by Dr. Munoz. If he did not consent to the third-party, Quest, performing services, then the services would not have been done. However, the laboratory testing services were completed and Quest used Sengenberger's identification information (including the phone number) to assist Dr. Munoz' treatment of Sengenberger. Therefore, as a matter of policy, CCS should be granted summary judgment in its favor.

6545107v1 900715 65872

## IV.    CONCLUSION

For all the above reasons, Defendant, CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES respectfully requests this Honorable Court enter summary judgment in its favor on the TCPA claims contained in Counts Eighteen through Forty of the complaint.

Respectfully submitted,

CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES

BY:  s/  *Daniel R. Degen*
        One of Its Attorneys

David M. Schultz
Daniel R. Degen
Hinshaw & Culbertson LLP
222 North LaSalle – Ste. 300
Chicago, IL  60601
(312)704-3000

8

## CERTIFICATE OF SERVICE

I hereby certify that on **March 12, 2010**, I electronically filed the above and foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served on all parties of record.


HINSHAW & CULBERTSON LLP.


s/_____*Daniel R. Degen*_____
            Daniel R. Degen


David M. Schultz
Daniel R. Degen
Hinshaw & Culbertson LLP
222 North LaSalle – Ste. 300
Chicago, IL  60601
(312)704-3000
(312)704-3001 (facsimile)
ddegen@hinshawlaw.com

6545107v1  900715  65872