**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER SENGENBERGER, | ) | |
| | ) | Case No.:  09 CV 2796 |
| Plaintiff, | ) | |
| | ) | Judge Zagel |
| v. | ) | |
| | ) | Magistrate Judge Schenkier |
| CREDIT CONTROL SERVICES, INC. d/b/a | ) | |
| CREDIT COLLECTION SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**REPLY BRIEF IN SUPPORT OF**</u>
<u>**CCS'S MOTION FOR SUMMARY JUDGMENT**</u>

Defendant, CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES ("CCS"), by its attorneys, submits this reply brief in support of its Motion for Summary Judgment:

## I.    INTRODUCTION

In Counts Eighteen through Forty of his complaint, Plaintiff, Sengenberger, alleges that, when CCS tried to collect a debt he owed, CCS violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227(b), by calling his cell phone using an automatic telephone dialing system ("ATDS") and/or a prerecorded message.  At issue are nine (9) telephone calls placed by CCS to Sengenberger's cellular telephone.

Sengenberger has asserted twenty-three (23) causes of action under the TCPA against CCS based upon the nine (9) calls that CCS made to Sengenberger.  The alleged violations relate to three (3) types of purported violations of 47 U.S.C. § 227(b) and regulations prescribed by the Federal Communications Commission ("FCC") to implement 47 U.S.C. § 227(b).  The alleged

violations are described below.  As a preliminary matter, Sengenberger seeks multiple recoveries for same nine (9) telephone calls, which should not be allowed by this court.

In Counts Eighteen through Twenty-Six of the Complaint, Sengenberger alleged that CCS violated 47 U.S.C. § 227(b)(1)(A) because messages were left without his "prior express consent."  In Counts Twenty-Seven through Thirty-Five, Sengenberger alleged that CCS violated 47 U.S.C. § 227(b), namely C.F.R. 64.1200(B)(1), because the prerecorded messages did not state CCS's legal name.  Finally, in Counts Thirty-Six through Forty, Sengenberger alleged that CCS violated 47 U.S.C. § 227(b), namely C.F.R. 64.1200(B)(2) because five of the prerecorded messages did not provided CCS's telephone number.  All of Sengenberger's causes of action arise under 47 U.S.C. § 227(b) and regulations prescribed by the FCC to implement 47 U.S.C. § 227(b).  Because all of Sengenberger's causes of action arise under 47 U.S.C. § 227(b), they are subject to a prior express consent analysis.

Auto-dialed and prerecorded message calls to a cell phone violate the TCPA only if they are made without the called party's consent.  § 227(b)(1)(A).  If a person gives his cell phone number to a creditor, he consents to be contacted at that number, and "autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party." Federal Communications Commission ("FCC") Declaratory Ruling, 23 FCC Rcd. 559, FCC 07-232, ¶ 9 (Jan. 3, 2008).

Sengenberger unequivocally admits that he authorized his doctor, Dr. Munoz to call his cellular telephone regarding Dr. Munoz's services.  (See Affidavit of Christopher Sengenberger, ECF #14-3, ¶ 4)  Following the FCC Declaratory Ruling, Sengenberger's prior express consent should apply to all medical service providers that were requested to perform services in

2

connection with the treatment of Sengenberger by Dr. Munoz (and those that call their behalf to collect debts, namely CCS).

Sengenberger attempts to interject issues of fact by arguing that he revoked his prior express consent by sending a letter to CCS. This argument should be rejected in that (1) CCS has no record of the receiving the letter (*See* Answer, ECF , ¶¶ 18-20), (2) the letter does not contain any information as to the specific account number that he was allegedly disputing (*See* ECF #14-4) and (3) the letter also provides a wrong address as to where he allegedly resides and/or resided (see ZIP Code on letter - ECF #14-4). It is Plaintiff's burden to prove that revocation occurred and based on the above facts, Sengenberger has not done so. Therefore, summary judgment in favor of CCS is appropriate.

## II. ARGUMENT

### a. Summary judgment is appropriate in favor of CCS on Counts Eighteen through Forty because Sengenberger gave prior express consent to be called.

The TCPA prohibits calls to a cell phone only if they are made without the called party's consent. § 227(b)(1) makes it unlawful for a person:

> (A) to make any call (<u>other than a call made for emergency purposes or made with the prior express consent of the called party</u>) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> …
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

The prohibition does not apply if the called party consented to receive auto-dialed and prerecorded message calls on his cell phone. The FCC has promulgated a regulation that governs when a debtor consents to receive calls on his cell phone. The regulation states that:

3

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. FCC 07-232, ¶ 9

> Calls placed by a third party collector on behalf of that creditor [to whom prior express consent was provided] are treated as if the creditor itself placed the call. *Id.* at ¶ 10.

Under the FCC's regulation, when the debtor provides his cell phone number to a creditor, the debtor consents to receive auto-dialed and prerecorded message calls on his cell phone, and the creditor's debt collector may call the cell phone number using an ATDS or prerecorded message without violating the TCPA. It is undisputed that Sengenberger gave his doctor the phone number that CCS called.  It is undisputed that the doctor gave Quest Sengenberger's number when he requested laboratory testing by Quest in connection with his treatment of Sengenberger.  The only number CCS ever called Sengenberger at was the number Sengenberger provided to his doctor.  Even if the number CCS was calling Sengenberger at was assigned to his cell phone, the calls would comply with the TCPA, § 227(b)(1)(A)(iii) because Sengenberger consented to receive the calls. As a result, CCS could not have violated the TCPA, and summary judgment must be entered in CCS's favor on Counts Eighteen through Forty

Sengenberger seems to argue that the consent analysis is not applicable to his causes of action that arise through regulations prescribed by the FCC to implement 47 U.S.C. § 227(b), namely 47 C.F.R. 64.1200(B)(1) and 47 C.F.R. 64.1200(B)(2).  Sengenberger's argument is misguided in that the FCC is allowed prescribe regulations to implement the requirements of 47 U.S.C. § 227(b).  47 U.S.C. § 227(b)(1)(A) expressly allows for a ATDS and/or prerecorded voice calls to be made if there prior express consent.  Sengenberger gave prior express consent

4

and therefore all of Sengenberger's claims made under 47 U.S.C. § 227(b) should fail as a matter of law.

47 U.S.C. § 227(b)(2) allows for the FCC to prescribe regulations to implement the requirements of § 227(b). With regards to communications to cellular telephones it states:

> (2) Regulations; exemptions and other provisions
>
> The Commission shall prescribe regulations to implement the requirements of this subsection. In implementing the requirements of this subsection, the Commission—
>
> * * *
>
> (C) may, by rule or order, exempt from the requirements of <u>paragraph (1)(A)(iii)</u> of this subsection calls to a telephone number assigned to a cellular telephone service that are not charged to the called party, subject to such conditions as the Commission may prescribe as necessary in the interest of the privacy right this section is intended to protect;

(47 U.S.C. § 227(b)(2)(C)) (emphasis added). The above confirms that any of the FCC regulations with respect to calls to cellular telephones are subject to a 47 U.S.C. § 227(b)(1)(A) prior express consent analysis. Sengenberger has admitted consent to call; under the FCC regulation, this consent should apply to Quest and Quest's collector, CCS. Therefore, summary judgment is appropriate and should be granted in favor of CCS.

In the event this Court holds that the prior express consent analysis should not apply as to Sengenberger's causes of action under 47 U.S.C. § 227(b) brought through the regulations in 47 C.F.R. 64.1200(B)(1) and 47 C.F.R. 64.1200(B)(2) (Counts Twenty Seven through Forty), Sengenberger's claims should also fail because no violations of the regulations occurred.

CCS should be granted summary judgment on Counts Twenty Seven through Thirty Five because there was no violation in that CCS's "d/b/a" name is registered with the Illinois Secretary of State as an assumed name and is listed on the License that was provided by the

6553381v1 900715 65872

Illinois Department of Financial and Professional Regulation. (See ECF #14-6) CCS is not trying to hide its "d/b/a" name from its true legal identity.

Counts Thirty Five through Forty should likewise fail because Sengenberger because, also stated that the prerecorded message began to play when his voicemail system picked up. (ECF #14-1, p. 9) 47 C.F.R. 64.1200(B)(2) simply states that the telephone number must be included in all artificial or prerecorded telephone messages. Sengenberger does not seem dispute that the number was left in the message, as a whole, but that a portion of the "complete message" was not captured by his voicemail. Therefore, no violation of the regulation occurred.

**b.    Summary judgment is appropriate because there are no genuine issues of material fact as to consent. Under the FCC's regulation, Sengenberger's consent should apply to Quest and CCS as a matter of law. Sengenberger's claims of revocation of consent are unsupported.**

Sengenberger unequivocally admits that he authorized his doctor, Dr. Munoz to call his cellular telephone regarding Dr. Munoz's services. (See Affidavit of Christopher Sengenberger, ECF #14-3, ¶ 4) Dr. Munoz requested laboratory testing from Quest in connection with the treatment of Sengenberger. An undeniable connection exists between the services performed at the request of Dr. Munoz for the treatment of Sengenberger. Therefore, the consent that Sengenberger gave to Dr. Munoz should apply to Quest. Quest was not paid for its services in connection with the treatment of Sengenberger. When Quest was not paid, it retained CCS to collect the debt. Quest provided to CCS the only number that it had for Sengenberger. In sum, Sengenberger provided consent to be called in connection with his medical treatment, therefore when CCS called to collect on those services, it did not violate the TCPA.

The FCC regulation that governs when a debtor consents to receive calls on his cell phone states that:

> Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are

6553381v1 900715 65872

made with the "prior express consent" of the called party, we clarify that such calls are permissible. We conclude that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. FCC 07-232, ¶ 9

Calls placed by a third party collector on behalf of that creditor [to whom prior express consent was provided] are treated as if the creditor itself placed the call. *Id.* at ¶ 10.

Based upon Sengenberger's admitted consent and the above FCC regulation, this Court should rule, as a matter of law, that Sengenberger's prior express consent to his doctor should apply to Quest and Quest's third party collector, CCS.

Sengenberger attempts to interject issues of fact by arguing that he revoked his prior express consent by sending a letter to CCS. This argument should be rejected in that (1) CCS has no record of the receiving the letter (*See* Answer, ECF #9, ¶¶ 18-20), (2) the letter does not contain any information as to the specific account number that he was allegedly disputing (*See* ECF #14-4) and (3) the letter also provides a wrong address as to where he allegedly resides and/or resided (see ZIP Code on letter - ECF #14-4). It is Plaintiff's burden to prove that revocation occurred and based on the above facts, Sengenberger has not done so. Therefore, summary judgment in favor of CCS is appropriate.

## III.  CONCLUSION

For all the above reasons, Defendant, CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES respectfully requests this Honorable Court enter summary judgment in its favor on the TCPA claims contained in Counts Eighteen through Forty of the complaint.

Respectfully submitted,

CREDIT CONTROL SERVICES, INC. d/b/a
CREDIT COLLECTION SERVICES

BY: s/_*Daniel R. Degen*_____
    One of Its Attorneys

David M. Schultz
Daniel R. Degen
Hinshaw & Culbertson LLP
222 North LaSalle – Ste. 300
Chicago, IL  60601
(312)704-3000

6553381v1  900715  65872

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **April 7, 2010**, I electronically filed the above and foregoing **REPLY BRIEF IN SUPPORT OF CCS'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served on all parties of record.

HINSHAW & CULBERTSON LLP.

s/      *Daniel R. Degen*
      Daniel R. Degen

David M. Schultz
Daniel R. Degen
Hinshaw & Culbertson LLP
222 North LaSalle – Ste. 300
Chicago, IL  60601
(312)704-3000
(312)704-3001 (facsimile)
ddegen@hinshawlaw.com

9

6553381v1 900715 65872