# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2796 | **DATE** | June 17, 2010 |
| **CASE TITLE** | Sengenberger v. Credit Control Services, Inc. | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to clarify and reconsider [33] is granted. The Court adheres to its prior ruling. The parties are ordered to file briefing as to an award of damages.

## STATEMENT

  Defendant comes now with a motion to clarify and reconsider this Court's summary judgment Order as to Defendant's alleged violations of the Telephone Consumer Protection Act ("TCPA"). This Court's prior Order granted Plaintiff's motion for summary judgment as to counts 19-35, granted Defendant's motion for summary judgment as to counts 36-40, and requested additional briefing as to count 18. The parties did not submit additional briefing as to count 18, and instead chose to settle this count. The summary judgment Order found that Defendant "willfully or knowingly" violated the TCPA. Defendant seeks clarification which calls the Court determined were made "willfully or knowingly." This finding is significant because the TCPA allows for treble damages when violations are made "willfully or knowingly." The award of treble damages is at the discretion of the court. 47 U.S.C. § 227(b)(3).

  Plaintiff alleged that Defendant made multiple unauthorized phone calls and left automated voice messages in violation of the TCPA. The phone calls in question occurred on December 23, 2008, January 3, 6, 10, 13, 18, 22, 26, 2009 and February 28, 2009. The parties agreed to settle count 18 as to the first call made to Plaintiff on December 23, 2008. On December 26, 2008, Plaintiff mailed a letter using certified mail to Defendant demanding that it stop all collection calls. Defendant received Plaintiff's letter on December 29, 2008.

  Defendant argues that a willful or knowing violation can only be found if there is evidence that (1) Defendant knew that it should not make the violating calls; or (2) Defendant knowingly changed its legal identity in violation of FCC regulations. Movant has offered no case law in support of its interpretation of "willful or knowingly."

**STATEMENT**

In determining that Defendant's violations were made "willfully or knowingly" this Court found that a knowing violation of the statute was unnecessary. *Dubsky v. Advanced Cellular Communications, Inc.* No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb. 24, 2004). I note that a split of authority exists as to when a violation can be considered "willfully or knowingly" for purposes of trebling damages. Some courts have held that a defendant must have knowingly sent the unsolicited communication or known that it was acting in violation of the TCPA, while other courts have held that a defendant must only have willfully or knowingly sent the unsolicited communication – knowledge of the law is unnecessary. *Compare Texas v. American Blastfax, Inc.,* 164 F.Supp.2d 892, 901 (W.D.Tex. 2001) (awarding treble damages for TCPA violations that occurred after defendants were well aware of the statute); *Manufacturers Auto Leasing, Inc. v. Autoflex Leasing, Inc.,* 139 S.W.3d 342, 346-47 (Tex.Ct.App.2004) (stating that "[t]he TCPA is willfully or knowingly violated when the defendant knows of the TCPA, knows he does not have permission to send the fax ... and sends it anyway"); *Covington & Burling v. Intl. Mktg. & Research,* No. Civ. 01-0004360, 2003 WL 21384825, at *8 (D.C.Super.Ct. Apr. 17, 2003) (violations were "willfully or knowingly" made when defendant admitted he was aware of the TCPA and was previously involved in TCPA litigation), *with Charvat v. Ryan,* 879 N.E.2d 765, 770-771 (Ohio 2007) (concluding that knowledge of the statute is not required to find either a willful or knowing violation); *Dubsky v. Advanced Cellular Communications, Inc.*, No. 2008 cv 00652, 2004 WL 503757, at *2 (Ohio Com. Pl. Feb. 24, 2004) (holding that defendant acted willfully even if he did not know that his actions violated the statute); *See also J2 Global Communications, Inc. v. Blue Jay Inc.*, No. 07 c 2494, 2009 WL 4572726, at *7 (N.D.Cal. Nov. 16, 2009).

I adhere to my prior ruling that Defendant's phone calls were made willfully or knowingly. No party disputes the fact that Defendant made the violating phone calls – Defendant admits that it did. This fact alone is sufficient to satisfy a standard that to commit a willful or knowing offense, a defendant must only know of the facts that constituted the offense, not that the defendant knows that its conduct is in violation of any law. *Charvat,* 879 N.E.2d at 770-771. Accordingly, I find that all phone calls to Plaintiff, made on December 23, 2008, January 3, 6, 10, 13, 18, 22, 26, 2009 and February 28, 2009 respectively, were made willfully or knowingly.

Eight phone calls occurred after Plaintiff revoked his consent (on January 3, 6, 10, 13, 18, 22, 26 and February 28, 2009 respectively). Even assuming that a defendant must have known that its conduct was unlawful, Defendant's argument fails. This Court found that Plaintiff revoked his consent to receive collection calls on December 26, 2008 when Defendant signed for and received Plaintiff's revokation letter, sent via certified mail. Plaintiff sent this letter three days after Defendant's initial collection call on December 23, 2008. Defendant's next collection call to Plaintiff occurred on January 3, 2009, after Plaintiff's letter was received.

Defendant argues that the record does not establish that "the December 26th letter was enclosed in the envelope sent to and received by CCS [Defendant]." While Defendant argues that it has no independent record of receipt of Plaintiff's letter, this Court has already found this argument insufficient to create a reasonable question of fact as to whether Plaintiff revoked his consent. Next, Defendant argues that the information contained in the letter was insufficient for Defendant to locate Plaintiff's account. Specifically, Defendant argues that Plaintiff's letter revoking his consent was deficient because it did contain his account number and because Defendant listed the incorrect zip code in his address. Defendant, however, fails to indicate why it was unable to locate Plaintiff's account based on his full name or his partial address. Accordingly, even assuming that a finding that "willful or knowing" required knowledge of a specific violation, Defendant intentionally continued to call Plaintiff after consent was clearly revoked.

**STATEMENT**

      Only one call, on December 23, 2008, was made prior to Plaintiff revoking his consent. In regard to this call, I granted summary judgment for the Plaintiff as to count twenty-seven for violating C.F.R. 64.1200(b)(1) by not stating Defendant's legal name in its pre-recorded message. Again, I adhere to my prior ruling that this was a willful or knowing violation. While Defendant argues that no evidence has shown that there was a willful or knowing violation of C.F.R. 64.1200(b)(1), I do not find that such evidence is required.

      Defendant's motion to reconsider is granted. The Court adheres to its prior ruling. Because the award of treble damages is at the discretion of the Court, the parties are ordered to submit briefing as to damages.